COASTAL PETROLEUM COMPANY, a Florida Corporation, Petitioner-Appellee,

v.

SECRETARY OF the ARMY OF the UNITED STATES of America et al., Respondents,

Trustees of the Internal Improvement Trust Fund of the State of Florida, Respondent-Appellant.

No. 71–2589.

United States Court of Appeals, Fifth Circuit.

Aug. 9, 1976.

Robert J. Beckham, Carole A. Gardiner, Miami, Fla., for respondents.

Charlie Luckie, Jr., Tampa, Fla., C. Dean Reasoner, Irving R. M. Panzer, Washington, D. C., for Coastal.

Robert W. Rust, U.S. Atty., Miami, Fla., Robert L. Shovin, Atty. Gen. of Fla., Tallahassee, Fla., William E. Welch, Dist. Counsel Corps of Engineers, Jacksonville, Fla., Stanley R. Resor, Sec. of the Army, General Litigation Section, Land & Nat. Resources Div., U.S. Dept. of Washington, D. C., Robert Grafton, Central and South Florida Flood Control Dist., West Palm Beach, Fla., Daniel S. Dearing, Chief Trial Counsel, Dept. of Legal Affairs, Tallahassee, Fla., for other interested parties.

Before BROWN, Chief Judge, and MORGAN, Circuit Judge.[*]

PER CURIAM:

The Trustees of the Internal Improvement Trust Fund took an appeal to this Court from an Order of Judge C. Clyde Atkins entered on April 23, 1971, in the United States District Court, Southern District of Florida.[1] Involved in the litigation in the District Court between the Trustees of the Internal Improvement Trust Fund and Coastal Petroleum Company was the validity of certain oil and gas leases entered into by Coastal with the Trustees. Judge Atkins' Order held, inter alia, that the leases were valid and existing, and the sole issue on appeal was whether those leases designated as Leases 224–A, 224–B, and 248 were valid and existing.

Since this Court was of the opinion that questions of Florida law were involved, this Court certified certain questions to the Supreme Court of Florida, and that certification is now pending before the Supreme Court of Florida.

The Trustees and Coastal have now entered into various amendments and changes to the aforesaid leases and have, by virtue of a Memorandum of Settlement, settled, adjusted and resolved the differences between them as to their rights under the leases. Copies of said Memorandum of Settlement have been filed in this Court.

Inasmuch as the parties have entered into said settlement, this Court hereby withdraws its certification to the Supreme Court of Florida and, further, remands the cause[2] to the United States District Court, Southern District of Florida, for the entry of a Consent Decree which is attached as Appendix I.[3]

---

[*] Circuit Judge Bell originally heard this case but has since resigned from the Court. This is entered as a quorum opinion. 28 U.S.C. § 46(d).

[1]. The reported history of this litigation is extensive. S.D.Fla., 1970, 315 F.Supp. 845, *certified to Fla.S.Ct.*, 5 Cir., 1973, 489 F.2d 777, *rehearing denied,* 1974, 491 F.2d 973, *cert. denied,* 419 U.S. 842, 95 S.Ct. 73, 42 L.Ed.2d 70. We hope and expect that the present proceedings will terminate this prolonged dispute.

[2]. *This Order will not be finally effective until such time as this Court is notified officially that the District Court has entered the consent decree, Appendix I.* Except for footnotes 1 & 2 this Order tracts verbatim the joint agreed submission.

[3]. In the publication of this Order as an end to this case we have deleted Appendix I and Appendix A, a part thereof.